IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| SANDRA SHORT GOMILLION, as Personal Representative of the Estate of WILLIAM KELLEY GOMILLION, | ) ) ) ) | C/A No.: _____ |
| Plaintiff, | ) ) | **COMPLAINT** |
| v. | ) ) ) | **(Jury Trial Demanded)** |
| INTEGRITY EXPRESS, INC. and RUSLAN STADNIK, | ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiff Sandra Short Gomillion, as Personal Representative of the Estate of William Kelley Gomillion ("Plaintiff"), by and through her undersigned attorneys, hereby complains of Defendants Integrity Express, Inc. ("Integrity") and Ruslan Stadnik ("Stadnik") (collectively, "Defendants") as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.     This is a civil action for damages arising out of a collision that occurred on December 7, 2021 on Interstate 95 in Florence County, South Carolina, wherein a commercial motor vehicle being operated by Defendant Stadnik under the motor carrier authority of Defendant Integrity violently collided with the rear of the vehicle being operated by William Kelley Gomillion (the "Decedent"), resulting in severe, painful, and catastrophic injuries that resulted in his untimely death.

2.     Plaintiff is domiciled in and a citizen of the State of South Carolina. Plaintiff is the duly appointed Personal Representative of the Estate of the Decedent and has authority to bring this Wrongful Death action on behalf of the Decedent and his beneficiaries under the South

1

Carolina Wrongful Death Act, S.C. Code Ann. § 15-51-10 *et seq.*, and to bring this Survival action on behalf of the Decedent's estate pursuant to S.C. Code Ann. § 15-5-90. Plaintiff's Certificate of Appointment is attached hereto as "Exhibit 1."

3. Defendant Integrity is a Florida corporation with its principal place of business being located in the State of Florida. Accordingly, Defendant Integrity is a citizen and resident of the State of Florida.

4. At the time of the collision and at the time of the filing of this civil action, Defendant Integrity was and is engaged in business as a for-hire interstate motor carrier transporting goods and doing business in various states, including in and throughout areas of Florence County and South Carolina.

5. At all times relevant hereto, Defendant Integrity was a for-hire motor carrier authorized by the United States Department of Transportation, and the Federal Motor Carrier Safety Administration, to operate for profit and transport goods in interstate commerce.

6. Defendant Stadnik is a citizen and resident of the State of Florida.

7. The subject collision occurred while Defendant Stadnik was operating a tractor-trailer in the course and scope of his employment with Defendant Integrity, which owned the tractor-trailer at the time of the collision and was actively engaged in its interstate trucking business.

8. The Court has specific personal jurisdiction over Defendant Stadnik as he was operating a commercial motor vehicle in this District at the time of the collision, and over Defendant Integrity which employed Defendant Stadnik and was actively engaged in business directly related to the collision.

9. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as there is complete diversity among the parties and Plaintiff's damages exceed Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs.

10. Pursuant to 28 U.S.C. §1332(b) and Local Civil Rule 3.01(A)(1), venue is proper in the Florence Division because the most substantial part of the acts and omissions giving rise to this claim occurred in Florence County, South Carolina.

## FACTS

11. The following events took place on December 7, 2021 at approximately 6:50 p.m. in the northbound lanes of Interstate 95 in Florence County, South Carolina.

12. In the area where the collision occurred, there are four northbound lanes of Interstate 95.

13. The collision took place in the second northbound lane from left ("Lane #2").

14. At the of the collision, Defendant Stadnik was operating a tractor-trailer (the "Tractor-Trailer" or the "Truck") northbound in Lane #2 on Interstate 95.

15. At the time of the collision, the tractor being operated by Defendant Stadnik was owned by Defendant Integrity and the trailer being hauled by Defendant Stadnik was owned by Crowley Logistics, Inc.

16. At the time of the collision, the Decedent was operating a 2019 Dodge pick-up truck (the "Dodge Truck") northbound in Lane #2 on Interstate 95 in front of Defendant Stadnik.

17. Sometime before the time of the collision, traffic began slowing in all four northbound lanes of Interstate 95.

18. As Defendant Stadnik approached the area where the subject collision took place, brake lights were visible on numerous vehicles, to include the Dodge Truck, as they slowed down and/or stopped on the northbound lanes of Interstate 95.

19. Before the subject collision, the Decedent began slowing down the Dodge Truck he was operating at a normal and controlled pace.

20. The Decedent ultimately came to a complete stop in Lane #2 of the northbound lanes of Interstate 95.

21. Suddenly and without warning, the Tractor-Trailer being operated by Defendant Stadnik violently collided into the rear of the Dodge Truck being operated by the Decedent.

22. At the time of impact, the Dodge Truck being operated by the Decedent was completely stopped as a result of the traffic conditions ahead.

23. Before the subject collision, as Defendant Stadnik approached the Decedent, the Dodge Truck was completely visible to Defendant Stadnik.

24. Before the subject collision, as Defendant Stadnik approached the Decedent, the brake lights on the Dodge Truck the Decedent was operating were activated and visible to Defendant Stadnik.

25. Before the subject collision, as Defendant Stadnik approached the Decedent, the brake lights on other vehicles stopped or slowing ahead were visible to Defendant Stadnik.

26. Defendant Stadnik failed to appreciate the Dodge Truck or other traffic stopped or moving slowly ahead of him, and negligently, recklessly, willfully failed to respond to the stopped or slowing Dodge Truck and he continued operating the Tractor-Trailer at near highway speeds when he violently collided with the Dodge Truck.

27. Defendant Stadnik failed to take any evasive action prior to impact with the Dodge Truck being operated by the Decedent.

28. Defendant Stadnik was traveling too fast for the conditions then and there existing at the time he approached the area where the subject collision took place.

29. Defendant Stadnik was not keeping a proper lookout ahead at the time he approached the area where the subject collision took place.

30. Defendant Stadnik did not appropriately check his surroundings in the moments leading up to the subject collision.

31. Defendant Stadnik had the last clear chance to avoid this collision and failed to take reasonable and appropriate action to do so.

32. Defendant Stadnik negligently, recklessly, and willfully failed to timely appreciate traffic conditions ahead of him, and proceeded at a high rate of speed, failed to brake or timely brake, and collided with the Dodge Truck being driven by the Decedent causing him injury and death.

33. Defendant Stadnik's misconduct as described above proximately caused the subject collision and serious injuries to the Decedent.

34. The Decedent did not cause or contribute to the cause of the collision, and there is nothing he could have done to avoid the collision.

35. The Decedent experienced extreme pain and mental anguish as a result of the injuries he suffered in the collision.

36. Defendants are legally responsible for the death of the Decedent and all damages caused by the collision.

37. At the time of the collision, Defendant Stadnik was operating the Truck under the motor carrier authority of Defendant Integrity.

38. The Truck was a commercial motor vehicle as defined under the Federal Motor Carrier Safety Regulations.

39. The Truck was a commercial motor vehicle as defined by South Carolina law and trucking regulations.

40. Defendant Stadnik was operating the Truck in interstate commerce at the time of the subject collision.

41. The subject collision was investigated by Trooper Bell and other law enforcement officers of the South Carolina Highway Patrol.

42. Trooper Bell concluded that Defendant Stadnik was the sole cause of the subject collision.

43. Trooper Bell concluded that Defendant Stadnik was driving too fast for conditions as he approached the area where the subject collision took place.

44. Defendant Stadnik was, in fact, driving too fast for conditions as he approached the area where the traffic was slowed and stopped and where the collision occurred.

**FOR A FIRST CAUSE OF ACTION**
**AGAINST DEFENDANT STADNIK**
(*Negligence, Gross Negligence, Recklessness, Negligence Per Se*)

45. Plaintiff realleges and reavers the foregoing paragraphs as if set forth fully herein.

46. Upon information and belief, at all times relevant hereto, Defendant Stadnik was a professional driver.

47. Upon information and belief, at all times relevant hereto, Defendant Stadnik possessed a valid commercial driver's license.

48. At all times relevant hereto, Defendant Stadnik was driving a commercial motor vehicle on a public interstate highway in Florence County, South Carolina.

49. At all times relevant hereto, Defendant Stadnik had a legal duty to adhere to all applicable South Carolina traffic laws.

50. At all times relevant hereto, Defendant Stadnik had a legal duty to adhere to all applicable South Carolina trucking safety rules and regulations.

51. At all times relevant hereto, Defendant Stadnik had a legal duty to adhere to the Federal Motor Carrier Safety Regulations.

52. At all times relevant hereto, Defendant Stadnik had a legal duty to adhere to trucking industry safety standards.

53. At all times relevant hereto, Defendant Stadnik had a legal duty to operate the Tractor-Trailer in a safe and prudent manner.

54. At all times material to this action, Defendant Stadnik had a duty to act in accordance with his training as a professional commercial motor vehicle driver and so as not to endanger the lives and welfare of the Decedent and the motoring public. This duty included keeping a proper lookout, paying careful attention, operating the commercial motor vehicle at a reasonable and prudent speed in accordance with the conditions of the roadway, traffic, visibility and all traffic laws and regulations.

55. Defendant Stadnik, in the operation of Defendant Integrity's Truck, did the following among other things:

    (a) Failed to keep a proper lookout for hazards ahead;

    (b) Failed to drive at a safe and reasonable speed under the conditions present;

    (c) Failed to use proper visual search methods;

    (d)    Failed to slow down in a reasonable amount of time;

    (e)    Failed to adjust his speed for the risks and dangers posed by the conditions;

    (f)    Failed to take appropriate evasive action;

    (g)    Failed to drive defensively;

    (h)    Was driving while distracted;

    (i)    Failed to operate the Truck in a safe and prudent manner, thereby placing the lives and well-being of the public in general, and the Decedent in particular, in grave danger;

    (j)    Failed to adhere to safe driving principles expected of commercial drivers;

    (k)    Failed to operate the Truck in accordance with generally accepted safety principles for commercial drivers and/or the commercial motor vehicle industry; and

    (l)    Failed to operate the truck in a safe and prudent manner in view of the conditions that existed at the time of the subject collision.

56. Defendant Stadnik's misconduct in the operation of the commercial motor vehicle was reckless, willful, and wanton.

57. Defendant Stadnik breached his duties of care and was negligent in at least one or more of the respects described above.

58. Additionally, Defendant Stadnik's conduct as described above, or as will be shown in evidence at trial, violated South Carolina driving laws, the Federal Motor Carrier Safety Regulations and/or South Carolina trucking regulations, and each such violation constitutes negligence *per se*.

59. Defendant Stadnik was negligent and negligent *per se* in the ways described above and/or otherwise as will be shown by amendment or at trial.

60. As a direct and proximate result of the negligence and negligence *per se* of Defendant Stadnik, the Decedent sustained personal injuries that resulted in his untimely death.

61. Defendant Stadnik is liable to Plaintiff for all economic and non-economic damages allowed by law for the injuries, exemplary damages, and all other damages and losses sustained by the Decedent and Plaintiff as a direct and proximate result of Defendant Stadnik's negligence and/or recklessness.

62. Plaintiff is also entitled to an award of punitive damages as a result of Defendant Stadnik's grossly negligent, reckless, willful, and wanton conduct.

**FOR A SECOND CAUSE OF ACTION
AGAINST DEFENDANT INTEGRITY
(*Respondeat Superior/Vicarious Liability*)**

63. Plaintiff realleges and reavers the foregoing paragraphs as if set forth fully herein.

64. At all times material hereto, Defendant Stadnik was an employee of Defendant Integrity.

65. At all times material hereto, Defendant Stadnik was acting within the course and scope of his employment with Defendant Integrity.

66. At all times material hereto, Defendant Stadnik was an agent of Defendant Integrity.

67. At all times material hereto, Defendant Stadnik was acting within the course and scope of his agency with Defendant Integrity.

68. At all times material hereto, Defendant Stadnik was operating a commercial vehicle owned by Defendant Integrity.

69. At all times material hereto, Defendant Stadnik was operating a commercial vehicle controlled by Defendant Integrity.

70. At all times material hereto, Defendant Stadnik was operating a commercial vehicle with the permission of Defendant Integrity.

71. At all times material hereto, Defendant Stadnik was operating a commercial vehicle in furtherance of the business and financial interests of Defendant Integrity.

72. Defendant Integrity is liable for the negligent actions and omissions of Defendant Stadnik pursuant to the doctrine of *respondeat superior* and/or the rules of agency.

73. Defendant Integrity is vicariously liable for any negligent actions and omissions committed by Defendant Stadnik in connection with the subject collision.

74. Defendant Integrity is liable to Plaintiff for all damages sustained as a direct and proximate result of the negligence of Defendant Stadnik.

75. Defendant Integrity is liable for all damages, including but not limited to, wrongful death damages, survival/estate damages, pain and suffering damages, medical and funeral expenses, punitive damages, and any other damages allowed by law arising out of the death of the Decedent.

76. Plaintiff is also entitled to an award of punitive damages against Defendant Integrity as a result of Defendant Stadnik's grossly negligent, reckless, willful, and wanton conduct.

## FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANT INTEGRITY
**(*Negligent Hiring/Training/Retention/Supervision*)**

77. Plaintiff realleges and reavers the foregoing paragraphs as if set forth fully herein.

78. At all relevant times, Defendant Integrity was a motor carrier as defined by the Federal Motor Carrier Safety Regulations.

79. At all relevant times, Defendant Integrity was a motor carrier as defined by South Carolina law.

80. At all relevant times, Defendant Integrity had a legal duty to comply with the Federal Motor Carrier Safety Regulations.

81. At all relevant times, Defendant Integrity had a legal duty to comply with all applicable Federal and State trucking safety regulations.

82. At all relevant times, Defendant Integrity had a legal duty to comply with all trucking industry standards and practices.

83. As an employer and motor carrier, Defendant Integrity had a duty to act reasonably in connection with the hiring, qualifying, training, entrusting, supervising, and retaining of Defendant Stadnik.

84. Defendant Integrity breached the aforementioned duties and was negligent in connection with hiring, qualifying, training, entrusting, supervising and/or retaining of Defendant Stadnik.

85. As a direct and proximate result of Defendant Integrity's negligence, the Decedent suffered catastrophic personal injuries that resulted in his untimely death.

86. Defendant Integrity is liable for all damages allowed by law for the injuries, damages and losses sustained by Plaintiff.

87. By virtue of its negligence, Defendant Integrity is liable for all damages, including but not limited to, wrongful death damages, survival/estate damages, pain and suffering damages, medical and funeral expenses, punitive damages, and any other damages allowed by law arising out of the death of the Decedent.

88. Plaintiff is also entitled to an award of punitive damages against Defendant Integrity as a result of its grossly negligent, reckless, willful, and wanton conduct.

### FOR A FOURTH CAUSE OF ACTION
### AGAINST BOTH DEFENDANTS
### (*Wrongful Death*)

89.  Plaintiff realleges and reavers the foregoing paragraphs as if set forth fully herein.

90.  As a direct and proximate cause of Defendants' negligence, negligence *per se*, recklessness, willfulness, and/or wantonness as set forth herein, Plaintiff and all statutory beneficiaries of the Decedent have lost the comfort, society, and companionship of the Decedent, have suffered severe and extreme emotional distress, anxiety, grief, and sorrow, and have incurred funeral and burial expenses for which Plaintiff is entitled to recover damages on behalf of the Decedent's statutory beneficiaries against both Defendants, jointly and severally.

91.  Plaintiff is entitled to an award of punitive damages against each Defendant for the wrongful death of the Decedent.

92.  Plaintiff is entitled to an award of prejudgment interest against Defendants, jointly and severally, for all liquidated damages on the wrongful death claim.

### FOR A FIFTH CAUSE OF ACTION
### AGAINST BOTH DEFENDANTS
### (*Survival*)

93.  Plaintiff realleges and reavers the foregoing paragraphs as if set forth fully herein.

94.  As a direct and proximate cause of Defendants' negligence, negligence *per se*, recklessness, willfulness, and/or wantonness as set forth herein, the Decedent was forced to endure great conscious pain and suffering prior to his death, and Plaintiff is entitled to an award of actual, consequential, and incidental damages against Defendants, jointly and severally, for these survival damages.

95.  Plaintiff is entitled to an award of punitive damages against each Defendant on the survival action.

96. Plaintiff is entitled to an award of prejudgment interest against Defendants, jointly and severally, for all liquidated damages on the survival claim.

WHEREFORE, having pleaded her claims against Defendants, Plaintiff prays for judgments against Defendants Integrity Express, Inc. and Ruslan Stadnik, jointly and severally, for actual, consequential, and incidental damages caused by their acts and omissions; for punitive damages; for the costs of this action; and for such other and further relief as this Court deems just and proper.

**YARBOROUGH APPLEGATE, LLC**

291 East Bay Street, Floor 2
Charleston, South Carolina 29401
(843) 972-0150 Office
(843) 277-6691 Fax
douglas@yarboroughapplegate.com
john@yarborougapplegate.com

s/ Douglas E. Jennings
Douglas E. Jennings (Fed ID # 11348)
John J. Dodds, IV (Fed ID # 12646)

**DOUGLAS JENNINGS LAW FIRM, LLC**

Post Office Box 995
Bennettsville, South Carolina 29512
doug@jenningslawoffice.com
mason@jenningslawoffice.com

Douglas Jennings, Jr. (Fed ID # 2168)
Mason W. King (Fed ID # 11425)

*Attorneys for Plaintiff*

August 3, 2022
Charleston, South Carolina